I would like to reserve three minutes. So I've been having this conversation with this court for over a decade. Borden and Gomez have now done the heavy lifting. The government has conceded the relevant issue back in 2019 during Walker when it argued over and over again that California Penal Code 245, which is the statute at issue in Gomez, and 273.5 are both general intent crimes with the same mens rea and as one goes, so goes the other. The government has now done a 180, so we need to look at the scope of 273.5 as interpreted and as implemented day in and day out by the California courts. Conviction will be sustained so long as an individual uses physical force that results in an injury to a member of the protected class, as long as two things are true, one, that the injury is the direct cause of the physical force, not the proximate cause, and two, that the physical force has to be the direct cause of the injury, not the proximate cause. I'm sorry if I misspoke. And the second thing is that the defendant must know those facts that would put a reasonable person on notice of the risk that the natural and probable consequences of that conduct would result in harm to another. Now at sentencing, the state court judges, of which my partner is one, have tremendous discretion. They can look to where someone falls on the spectrum of moral culpability, whether they intended to harm another, whether they were simply being stupid and mindless and they were grabbing a box cutter, they were grabbing a phone, they were grabbing a baby, and they were not thinking about how their conduct was going to impact another. That is addressed at sentencing, but the categorical analysis is not concerned with sentences. It's concerns with conviction and whether those elements of that conviction necessarily stand for the proposition that when somebody acted that they intended to harm another. And the plurality in Borden and Justice Thomas have really no daylight between them when they're defining what they mean by intent. The plurality cites Gipson, the Supreme Court Gipson, and Thomas cites his decision in Voisin. In both cases, the plurality and Justice Thomas make clear that what they mean by intent is intent to cause the consequences that happen or at least act with the knowing certainty in terms of the consequences that are going to happen and make the decision to act anyway. And 273.5, any more than 245, does not stand for that proposition. California is concerned with the use of the force, not with why someone was using the  And so, I think it's... Counsel, can I ask, is there any indication that 273.5 might carry a different mens rea given the nature of the injury and the added language about... I think I forgot what the language was, you know, the pretty severe injury. It actually can be a minor injury. It's any injury. And no, we can look at the California jury instructions, whether we look at CalCRIM 840 or CalJIC 9.35, they both refer to... Make clear that the instructions are based on the case of People v. Thurston, that these are general intent crimes, that the mens rea at issue is willfulness as defined by California Penal Code 7B1, which specifically does not require an intent to harm. I think it's useful to compare the case of People v. Houtner, the facts in that case, which I cited in my opening brief, with the facts at issue in Benuelos-Ion, which was one of this court's decisions. Those facts are identical, but for one fact, and 1-245 Houtner, 1-273.5 Benuelos-Ion. In both cases, the defendant was a male, wanted to talk to his girlfriend who was not interested in talking, and she drove off in her own car. He drives off in his car and drives erratically, shouting at the person trying to get their attention and winds up colliding. In Houtner, there was no injury, and so it was charged as a 2-45. And in Benuelos-Ion, there was an injury, so it was charged as a 2-73.5. In both cases, it was clear the individual, the evidence is they didn't intend the harm to happen. They were just so focused on communicating what they wanted to communicate, and the harm happened. And the IJ in Benuelos-Ion even didn't think that that was domestic violence, because it doesn't fit our sort of common-sense understanding of what domestic violence is, but California has a very broad reach, and so the BIA reversed in Benuelos-Ion in this court, then affirmed based simply on the intentional use of force that resulted in harm to another. And that's where Borden comes in and tells us, no, that's not the test. It's not simply that someone used force that harmed another, but that when they acted, they intended that harm, whether they purposely did it or they knew within a practical certainty that that harm would result. Can I ask this? I couldn't find any cases, but are there any California appellate cases that disagree with Thurston or that come with a different perspective on 2-73.5? Not when they're addressing the actual elements of the offense. If they're talking about something else in terms of, I know the government cites the moral turpitude finding when we're talking about whether something can be used to impeach, but the actual cases that look at the elements of the offense are crystal clear. The jury instructions are crystal clear, and the California Supreme Court is crystal clear on what it means by general intent. Intoxication is not a defense to 2-73.5. We aren't looking at why they acted. We're simply looking that they acted. In California, over and over again, the Supreme Court in Davis, in, I think it's Fort Not, and then in V. Ray have all been very clear. General intent means the intent to do the act that results in the harm. We aren't looking at purposeful thinking. We're looking at intentional conduct that resulted in harm to another. In fact, in Ray V. V. is useful because that case cites both Colon Tawano as well as Wyatt two assault and battery cases for the proposition that general intent simply requires that someone did the act. In that case, the statute issue was willfully causing the burning of property or a structure. The language to our ears sounds like someone wants to burn that, but that's not what willfully doing something under California law means. It means you did the act that then resulted in the harm, whether you wanted that harm to occur, whether you even tried to stop the harm from occurring, whether you honestly believe the harm wouldn't occur, none of that is a defense to a general intent crime in California, and certainly not to assault and battery. Thank you. Good morning, your honors. May it please the court, Cody Chappell for the United States. California's domestic violence statute 273.5 is a crime of violence because it requires a mens rea greater than recklessness and requires a conscious deployment of force against another. This was true before Borden and Gomez and is true now after Borden and Gomez. Borden was really resolving a circuit split in favor of this circuit's long precedent that 273.5 is a crime of violence. In doing so, the Supreme Court brought the rest of the country in line with this court's precedent requiring that an offense that allows reckless mens rea cannot be a crime of violence. That was true and expressly discussed and held in pre-Borden cases. I think Loreco-Yenno is the most on point, where... Can I interrupt, counsel? But Gomez, our en banc decision makes it very hard for you, I think, because do you disagree that the mens rea requirement for assault is any different than this one for this domestic violence battery statute? Yes, your honor, I do. Because this statute requires willful infliction by its plain text. The assault statute in Gomez did not. Here 273.5 is very clear, willful infliction of corporal injury resulting in a traumatic condition. The Gomez statute did not look at 273.5 at all. It didn't look at the other willful infliction. But you have our Thurston case and other cases that have followed Thurston that talk about willfulness only as an intentionality to perform the act, right? And so, and I haven't seen any cases to contradict that. So that seems to be what the California standard is, as counsel pointed out. It's the intent to act which results in the harm. And under that state law understanding of it, it seems like the Gomez analysis is in all fours with here as well. Why is that wrong? I would disagree with that, your honor. This court has repeatedly found that the willful infliction, that language, is different than generic assault, generic battery in California. The cases after Thurston, such as Jackson, the only published California case that came out after Jackson, talks about how 273.5 is a particular type of battery. And in that case, they actually modified a conviction to a lesser battery to show, to reflect that recognition, stating that that court concluded the section is not violated 273.5 unless the corporal injury results from a direct application of force on the victim of another. But that's about the actus reus, right? That's about the type of force that's being applied. That doesn't speak to the mens rea issue that we're dealing with. Well, I think so for 273.5, that willful infliction, this court has found that willfulness is a synonym for intentional. That was what the Loreco Yeno case held and Olia Serafina after Borden as well. Now, in Gomez, because the mens rea was not on the face of the statute, the Gomez court looked to California State cases to determine what the mens rea was for that assault statute. That's different here because by the plain language of the statute, willful infliction is right there. There's no reason for this court to continue the inquiry because the mens rea for the action, willful infliction of a corporal, to commit a corporal injury is right there. And I think this court has repeatedly, again and again, when this issue comes up, has reaffirmed its pre-Borden precedent in several unpublished opinions and Olia Serafina, which although it dealt with a different statute, that was a statute, another willful infliction statute with identical language, identical mens rea to this one and with Borden being binding precedent at that time, Olia Serafina published and found that 273D in that case was the crime of violence. But it didn't speak, it didn't talk about Borden, did it? It did not, Your Honor. Right, and so that, I mean, and to me it seems, we have unpublished decisions for a reason that I don't know that they grapple with the same level of depth as the published ones, but really the combination of Borden and then Gomez clarifying what to do with the Borden standard in the context of California general mens rea cases, I just don't know that Olia Serafina speaks to that issue if it didn't speak to Borden itself. Well, I would respectfully disagree, Your Honor. I think because Borden was, that was binding law at the time and Olia Serafina came out and addressed 273D in conjunction with 273.5. And this court, I think, so going back to the way the California is kind of strange with its assault statutes and its battery statutes, it creates different buckets for each one. This court has looked at the assault statute, determined that's not a crime of violence because it allows recklessness. It's looked at in Banuelos Aon, the general generic battery statute, which allows intentional infliction but allows offensive touching. So that's not a crime of violence. These willful infliction statutes that Olia Serafina addressed and pre-Borden cases have addressed have continuously reaffirmed the fact that 273.5 remains a crime of violence because, and the California courts also show this, that it requires a direct application of force, this targeting requirement that Borden talked about. And I think that's really the reason why recklessness was found to be no longer a mens rea that could fit the crime of violence statute because of that against another language. So recklessness is not targeted towards another. Borden talked about that. Gomez talked about that in analyzing the assault statute. However, here with this statute, there is that targeting, that conscious deployment of force towards another that's required because of that willful infliction language in the statute. Let me put a case to you. Suppose a husband and wife are in a car and the husband is driving recklessly and the wife is injured, is that 273.5? I don't believe so with those facts, Your Honor. The husband's driving recklessly. There's no conscious deployment against his wife in this scenario as I understand it. He's the only occupant in the car. He's got a seat belt on, she doesn't. Yes, Your Honor, it would require for willful infliction to apply, for this statute to apply, he would need to intentionally inflict a corporal injury on his wife. I think driving recklessly, he would not be convicted under this statute with that hypothesis. Because he didn't intend to inflict injury on his wife? That's not recklessness, that's intentional. I believe because, so in this hypothetical, there's no willful infliction and there's no direct application of force. So in the hypothetical, I don't know, is the husband trying to hit his wife with the car? In that case, I would say yes. Just driving erratically and she hits her forehead on the dashboard. I would say that's not enough, Your Honor. I don't know why. So I guess your argument is really, the willfulness is doing a lot of work for your argument to hold up. That's the distinction, I think, that you're drawing us to above anything else. Yes, Your Honor, and it's a pretty powerful distinction because it's set forth in the plain language of the statute. It says willfully inflict. That's not the case in the assault statutes, which say someone violates a statute if they or the other battery statutes that say, that penalize battery generally. This doesn't say, this statute doesn't say battery. It says willful infliction of a corporal injury resulting in a traumatic condition against a spouse or a cohabitant. I think a good case, every time this Court sees this issue come up again and again and has come up again and again, the Court reaffirms its prior holding. Just a month ago, the Court was in a unique situation where a defendant had both an assault conviction and 273.5 conviction post-Gomez and this Court found that the assault conviction was no longer a crime of violence after Gomez, but held that 273.5 was still a crime of violence pointing to Alia Serafina and it's pre-Borden case law as well. I don't think we have any other questions. Thank you, Counsel. Thank you, Your Honor. And the government asks that the Court reaffirm its prior precedent. Thank you. The government's argument is completely circular. It doesn't want this Court to look at California Supreme Court law, which under Rocha, Coloantwano, Williams, Wyatt, they all say that when we're talking about assault and battery, we're talking about the conduct that the violent force that starts the conduct, what happens afterwards is not something that the government needs to prove. The people would be quite shocked that the government is saying that the hypothetical that Judge Bea put forth is not a 273.5 conviction. It certainly is. It's the willful use of force that results in harm to another. And so that is the definition of 273.5. That's all the conviction requires. Olianna Serafina, as the Court is aware, Borden was not raised. It was not discussed. It relies completely on Loreno, Loresio Llano, which is exactly, we're just in a circle here. That's intentional use of force that results in harm to another. But Borden requires us to actually look at whether when the individual acted, they intended the harm. Counsel, what about your friend on the other side's argument that willfully changes things for this statute? It's the same jury instruction. Willful is willful under 7B1. It's the same willful. Willful doesn't change. You have to have willful conduct for an assault or for a battery. There is no difference. The government understood that in 2019. It is exactly the same as Thurston makes clear as the California discussion of the mens rea for all of the assault and battery. It's a continuum. Once the violent act starts, the next step that happens is the injury. We don't go back and then say, oh, but what did they intend? The next step, if you look at the California Supreme Court, which the government doesn't want you to look at, says it's the next step. The next act that happens is the battery. That doesn't require any further intent. And I just would remind the court, as Justice Scalia reminded us in this area, common sense is a much less useful criteria than it sounds, particularly for a state that uses a very archaic criminal code. It doesn't follow the monopenal code. And it's even worse. It uses terms that look like the monopenal code, and they mean something completely different. And inflict is a specific term of art that was discussed in Jackson, as this court recognizes. And it's the difference between proximate cause and direct cause. And so when an individual acts, they simply have to willfully do the conduct that results in the harm, and it has to be the direct cause. That's Thurston and Jackson. Thank you. Counsel, thank you both for your helpful arguments. The matter will stand submitted.
judges: WARDLAW, BEA, SANCHEZ